Russell S. Thompson IV (029098)
Joseph Panvini (028359)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@consumerlawinfo.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JoAnne Knapper, | Case No. |
| Plaintiff, | **COMPLAINT AND TRIAL BY JURY DEMAND** |
| vs. | |
| Stellar Recovery, Inc. and Midland Funding, LLC, | |
| Defendants. | |

**NATURE OF ACTION**

1. Plaintiff JoAnne Knapper ("Plaintiff") brings this action against Defendants Stellar Recovery, Inc. ("Stellar") and Midland Funding, LLC ("Midland") (collectively, "Defendants") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION, VENUE, AND STANDING**

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

1

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

4.      "In determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016). Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," thus "Congress may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Id.* (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992).

5.      "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. *See Id.* at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); *see also Church v. Accretive Health, Inc.*, No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

6. "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is *not* a necessary condition." *Lane*, 2016 WL 3671467 at *4 (emphasis in original).

7. That is, "[w]hen a consumer is subjected to allegedly 'unfair and abusive practices' of collection defendants, being subjected to those practices would themselves constitute a concrete injury." *Oliva v. ARStrat LLC*, No. 2:16-cv-01525-ROS, at *6 (D. Ariz. Mar. 1, 2017).

## THE FAIR DEBT COLLECTION PRACTICES ACT

8. Congress enacted the FDCPA in order to eliminate "abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1179-80 (9th Cir. 2006) (citing 15 U.S.C. § 1692(e)).

9. To protect consumers and ensure compliance by debt collectors, "the FDCPA is a strict liability statute." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011).

10. Strict liability enhances "the remedial nature of the statute," and courts are "to interpret it liberally" to protect consumers. *Clark*, 460 F.3d at 1176.

11. "In addition, by making available to prevailing consumers both statutory damages and attorneys' fees, Congress 'clearly intended that private enforcement actions would be the primacy enforcement tool of the Act.'" *Id.* (quoting *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 780-81 (9th Cir. 1982)).

3

12. Violations of the FDCPA are assessed under the least sophisticated consumer standard which is "'designed to protect consumers of below average sophistication or intelligence,' or those who are 'uninformed or naïve,' particularly when those individuals are targeted by debt collectors." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011) (quoting *Duffy v. LanMidlanderg*, 215 F.3d 871, 874-75 (8th Cir. 2000)).

13. "An FDCPA Plaintiff need not even have actually been misled or deceived by the debt collector's representation; instead, liability depends on whether the *hypothetical* 'least sophisticated debtor' likely would be misled." *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1117-18 (9th Cir. 2014) (emphasis in original).

14. The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e. *See Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

15. Included as an example of conduct that violates section 1692e is the false representation of the character, amount, or legal status of a debt. 15 U.S.C. § 1692e(2)(A).

**PARTIES**

16. Plaintiff is a natural person who at all relevant times resided in the State of Arizona, County of Pinal, and City of Maricopa.

17. Plaintiff is allegedly obligated to pay a debt.

18. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

4

19. Stellar is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

20. Stellar uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

21. Stellar regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

22. Stellar is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

23. Midland is an entity who acquires debt in default exclusively for collection purposes.

24. At all relevant times, Midland was engaged in the business of directly or indirectly attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

25. Midland is a debt buyer that purchases large volumes of defaulted debt at a discount and then profits by collecting the receivables at close to face value.

26. Midland purchases debts once owed or once due, or asserted to be once owed or once due, a creditor.

27. The principal purpose of Midland's business is the collection of debts.

28. Midland acquired Plaintiff's Debt when it was allegedly in default.

29. Midland, either itself or through an affiliated or subsidiary company, outsourced the collection of the Debt to Stellar in order to collect the Debt from Plaintiff on behalf of Midland.

30. Midland is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

31. At all relevant times, Stellar acted on behalf of Midland.

**FACTUAL ALLEGATIONS**

32. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a cellular phone subscription with T-Mobile (the "Debt").

33. In connection with the collection of the Debt, Stellar, itself and on behalf of Midland, sent Plaintiff a letter dated January 10, 2017.

34. A true and correct copy of Stellar's January 10, 2017 letter is attached to this complaint as Exhibit A.

35. Stellar's January 10, 2017 letter states: "The law limits how long you can be sued on a debt. Because of the age of this debt, MIDLAND FUNDING, LLC cannot sue you for it."

36. However, this statement is false, because the statute of limitations on the Debt had not expired as of January 10, 2017.

37. Plaintiff's last payment on the Debt occurred on or about June 10, 2011.

38. Thus, as of Defendant's January 10, 2017 letter, the age of the Debt was five years and seven months.

39. Pursuant to A.R.S. § 12-548, the applicable statute of limitations for the Debt is six years.

6

40. By stating in its January 10, 2017 letter that Defendant cannot sue Plaintiff on the Debt—when in fact it can—Defendant falsely represented the legal status of the Debt.

41. This misrepresentation is material, given that the consumer may reasonably rely on this statement to their detriment in choosing whether or not to pay the Debt.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)
## STELLAR

42. Plaintiff repeats and re-alleges each factual allegation above.

43. Stellar violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged Debt in its January 10, 2017 letter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Stellar violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00 per Defendant;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

**COUNT II**
**VIOLATION OF 15 U.S.C. § 1692e(10)**
**STELLAR**

44. Plaintiff repeats and re-alleges each factual allegation above.

45. Stellar violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of Plaintiff's alleged Debt, in its January 10, 2017 letter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Stellar violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00 per Defendant;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

**COUNT III**
**VIOLATION OF 15 U.S.C. § 1692e(2)(A)**
**MIDLAND**

46. Plaintiff repeats and re-alleges each factual allegation above.

47. Stellar violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged Debt in its January 10, 2017 letter.

8

48. Midland, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of Stellar—the debt collector used to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Stellar violated 15 U.S.C. § 1692e(2)(A);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00 per Defendant;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem proper.

**COUNT IV**
**VIOLATION OF 15 U.S.C. § 1692e(10)**
**MIDLAND**

49. Plaintiff repeats and re-alleges each factual allegation above.

50. Stellar violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of Plaintiff's alleged Debt, in its January 10, 2017 letter.

51. Midland, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of Stellar—the debt collector used to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Stellar violated 15 U.S.C. § 1692e(10);

9

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00 per Defendant;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

52. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: July 11, 2017

Respectfully submitted,

s/ Russell S. Thompson IV
Russell S. Thompson IV (029098)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@consumerlawinfo.com

s/ Joseph Panvini
Joseph Panvini (028359)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
jpanvini@consumerlawinfo.com

Attorneys for Plaintiff