**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JoAnne Knapper,<br><br>               Plaintiff,<br><br>v.<br><br>Stellar Recovery, Inc.,<br><br>               Defendant. | No. CV-17-02261-PHX-DGC<br><br>**ORDER AND DEFAULT JUDGMENT** |

Plaintiff JoAnne Knapper has filed a motion for default judgment against Defendant Stellar Recovery, Inc. Doc. 31. For reasons stated below, default judgment is appropriate.

**I.  Background.**

Plaintiff brought this action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. Doc. 1. Plaintiff alleges that Defendant violated the FDCPA by falsely representing the status of her debt and using false or misleading representations in its collection efforts. *Id.* ¶¶ 42-45. Specifically, Plaintiff alleges that Defendant misrepresented in a collection letter that she could not be sued on the debt because of its age. *Id.* ¶¶ 34-41. Plaintiff sought statutory damages and an award of attorneys' fees and costs. *Id.* ¶¶ 43, 45.

Defendant has ceased operations. On April 4, 2018, a hearing was held to address

the motion to withdraw as attorney filed by Defendant's counsel. Docs. 24, 29. Based on the discussion at the hearing, the Court granted the motion to withdraw and directed Plaintiff to submit a request for default judgment. Docs. 29, 30. Plaintiff thereafter filed the present motion seeking default judgment under Rule 55(b) of the Federal Rules of Civil Procedure. Doc. 31.

## II. Default Judgment.

The Court's "decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Although the Court should consider and weigh relevant factors as part of the decision-making process, it "is not required to make detailed findings of fact." *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

The following factors may be considered in deciding whether default judgment is appropriate under Rule 55(b): (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, and (6) the policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering the merits and sufficiency of the complaint, the court accepts as true the complaint's well-pled factual allegations, but the plaintiff must establish the damages sought in the complaint. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). Having reviewed the complaint and default judgment motion, and based on the discussion held at the April 4 hearing, the Court finds that the *Eitel* factors favor default judgment in the amount of $8,646.00.

### A. Possible Prejudice to Plaintiff.

The first *Eitel* factor weighs in favor of default judgment. Defendant has ceased operations, and its representative, John Schenk, stated at the hearing that he will not hire new counsel or mount any kind of defense in this case. Doc. 29. If Plaintiff's motion is not granted, Plaintiff will be without other recourse for recovery. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

### B. Merits of the Claims and Sufficiency of the Complaint.

The second and third *Eitel* factors favor default judgment where, as in this case, the complaint sufficiently states a plausible claim for relief under the Rule 8 pleading standard. *See id.* at 1175; *Danning v. Lavine*, 572 F.2d 1386, 1388-89 (9th Cir. 1978). As noted above, Plaintiff alleges that Defendant violated the FDCPA by falsely representing the status of her debt and using false or misleading representations in its collection efforts. Doc. 1 ¶¶ 42-45. This is a viable claim for relief under the statute, and Plaintiff alleges sufficient facts to show Defendant's liability for statutory damages. *Id.* ¶¶ 34-41. The second and third factors favor default judgment.

### C. Amount of Money at Stake.

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of the defendant's conduct. Plaintiff seeks only $1,000 in statutory damages, and reasonable attorneys' fees and costs in the amounts of $7,146 and $500, respectively. Doc. 31 at 2. These amounts are supported by the affidavit of counsel. Doc. 31-1. The Court finds the requested amounts to be reasonable.

### D. Possible Dispute Concerning Material Facts.

Given the sufficiency of the complaint and Defendant's intent not to defend or further participate in this case, "no genuine dispute of material facts would preclude granting [Plaintiff's] motion." *PepsiCo*, 238 F. Supp. 2d at 1177.

### E. Policy Favoring a Decision on the Merits.

The last factor usually weighs against default judgment given that cases "should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. The mere existence of Rule 55(b), however, "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177. Moreover, Defendant has made clear that it does not intend to defend this case on the merits. The Court therefore is not precluded from entering default judgment against Defendant.

### F. Conclusion.

Five of the six *Eitel* factors favor default judgment, and one factor is neutral. The

Court therefore concludes that default judgment is appropriate. The Court will award $1,000 in statutory damages, $7,146 in attorneys' fees, and $500 in costs. *See* 15 U.S.C. § 1692(k)(a)(2)-(3).

**IT IS ORDERED:**

1. Plaintiff's motion for default judgment (Doc. 31) is **granted**.
2. Default judgment is entered in favor of Plaintiff and against Defendant Stellar Recovery, Inc. in the amount of **$8,646.00**.
3. The Clerk is directed to **terminate** this action.

Dated this 20th day of April, 2018.

_____
David G. Campbell
United States District Judge